### CITIZENS' BANK OF DOUGLAS, GA., v. HARGRAVES.

(Circuit Court of Appeals, Fifth Circuit. November 10, 1908.)

No. 1,760.

BANKRUPTCY (§ 399*)—EXEMPTIONS—WAIVER—GEORGIA STATUTE.

Under the provisions of the Constitution and statutes of Georgia relating to exemptions, which authorize a debtor to waive in writing his right of exemption "except as to wearing apparel, and not exceeding three hundred dollars worth of household and kitchen furniture and provisions," such exception is confined to specific articles; and, where a bankrupt had given a note secured by a chattel mortgage on property not within the exception, in which note he waived his right of exemption, he is not entitled, as against the mortgagee, to an exemption of $300 from the

proceeds of the mortgaged property sold by the trustee by consent of all parties.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 664–669; Dec. Dig. § 399.*]

Petition to Superintend and Revise Proceedings from the District Court of the United States for the Southern District of Georgia.

W. W. Lambdin (Wilson, Bennett & Lambdin and Lankford & Dickerson, on the brief), for petitioner.

Benjamin G. Parks, for respondent.

Before PARDEE and SHELBY, Circuit Judges, and BURNS, District Judge.

SHELBY, Circuit Judge. This petition involves a bankrupt's claim to exemptions. The court below ordered $300 to be set apart to the bankrupt from the proceeds of the sale of mortgaged property to which the right of exemptions had been waived, and the petitioner seeks to revise and reverse the order. To make plain the question to be decided, the facts and the Georgia exemption laws must be briefly stated.

Hargraves, the respondent, on January 2, 1907, for value, made and delivered to the Citizens' Bank, the petitioner, his note for $871.-69. The note contains in due form a stipulation waiving the maker's right to exemptions. At the same time, Hargraves executed and delivered to the bank a mortgage on four mules to secure the payment of the note. The mortgage contains a clause whereby the mortgagor does "solemnly waive and renounce * * * all right of homestead or exemption in and to all the property hereby conveyed, and does covenant and agree not to take, nor consent to the taking * * * of, any homestead or exemption now allowed by law or which may hereafter be allowed against the debt aforesaid." More than four months later, Hargraves filed his voluntary petition in bankruptcy in the court below, and was adjudicated a bankrupt. The mules covered by the mortgage (with other property not involved in this case) were sold by the trustee under an order made by the referee. The order was made by consent, all parties in interest agreeing that the property should be sold free of all liens, and that the proceeds of sale should be subject to all just claims and liens that existed on the property. The four mules sold for $468. The bankrupt's claim for exemptions coming on first to be heard before the referee, he ordered "that the bankrupt's right to an exemption in so much of the fund arising from the sale of the property covered by the mortgage of the Citizens' Bank of Douglas be and the same is hereby denied and refused." This order being under review in the District Court, that court decreed that "the order of the referee refusing exemption to the bankrupt be modified, and that the prayer of the bankrupt in his petition asking that he be given the sum of $300 in cash, as allowed under the Constitution and laws of Georgia, is hereby granted." Construing the decree of the District Court in the light of the order of the referee which the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court was modifying, it appears that the court decreed, notwithstanding the stipulations waiving exemptions, that the claim for an exemption of $300 should prevail over the mortgagee's claim for the $468, the proceeds of the sale of the mortgaged property. The question to be decided, therefore, is whether, on the facts, the mortgagee and creditor is entitled to all the money paid for the mortgaged mules, it being less than the debt due him, or is the mortgagor and debtor entitled to $300 of the money as exempt? The answer, of course, depends on the exemption laws of Georgia.

For convenience of reference, the relevant sections of the Georgia Constitution and statutes relating to the waiver of exemptions will be copied in a note. It may be briefly stated that there are two kinds of homesteads or exemptions recognized, the constitutional and the statutory. The former consists of realty or personalty, or both, to the value of $1,600 (Civ. Code Ga. 1895, § 5912) ; the latter consists of 50 acres of land, and 5 additional acres for each child, one farm horse or mule, and other articles enumerated in the statute. Id. § 2866. The Constitution and statutes, with an exception to be hereinafter noted, expressly provide that the debtor shall have the power to waive or renounce his right of exemptions. This right "to waive" appears in several sections, and is applicable to all exemptions, with the exception, which is also repeated. It is clear, therefore, that the power exists in a debtor, subject to the exception noted, to waive the right of exemption in favor of a creditor. Broach v. Powell, Executor, et al., 79 Ga. 79, 81, 3 S. E. 763. The exception is that the waiver shall not "extend to wearing apparel, and not exceeding three hundred dollars worth of household and kitchen furniture and provisions." Civ. Code Ga. 1895, §§ 2863, 5914, 5916. The exception, excluding the power to waive, relates to named articles or property. The waiver of exemption is good by express law, except as to the property described and excepted. Mules not being included in the exception, the power to waive the right of exemption as to them clearly existed. It is not difficult to see that if the mortgage and contract of waiver, instead of embracing mules, had covered wearing apparel, household and kitchen furniture, and provisions, property excepted from the power of renouncement or waiver, the proceeds of the sale of such property, sold under the agreement stated, would have been subject, so far as the waiver was concerned, to the claim of exemptions. The waiver in that case would have been inoperative. But there is no rule of construction or mode of reasoning that will recognize the unquestioned power to waive the right of exemptions as to mules, and yet treat the purchase money arising from the sale of the mules as wearing apparel, household and kitchen furniture, and provisions, for the purpose of applying the exception of the Constitution and the statute.

The petition for revision is allowed, the decree of the District Court modifying the order of the referee is reversed, and the cause remanded, with instructions to enter a decree confirming the order of the referee of date, August 30, 1907, that the bankrupt's right to an exemption in so much of the fund as arises from the sale of the prop-

erty covered by the mortgage to the Citizens' Bank of Douglas, be denied and refused.

Petition to revise allowed.

NOTE. The following sections are found in the Constitution of Georgia, as they appear in the Georgia Code of 1895:

"Section 3.

"§ 5914. (5212). Paragraph 1. May be waived, how far; how sold. The debtor shall have power to waive or renounce in writing his right to the benefit of the exemption provided for in this article, except as to wearing apparel, and not exceeding three hundred dollars worth of household and kitchen furniture, and provisions, to be selected by himself and his wife, if any, and he shall not, after it is set apart, alienate or encumber the property so exempted, but it may be sold by the debtor and his wife, if any, jointly, with the sanction of the judge of the superior court of the county where the debtor resides or the land is situated, the proceeds to be reinvested upon the same uses.

"Section 4.

"§ 5915. (5213). Paragraph 1. Setting apart short homestead. The General Assembly shall provide, by law, as early as practicable, for the setting apart and valuation of said property. But nothing in this article shall be construed to affect or repeal the existing laws for exemption of property from sale, contained in the present Code of this state in paragraphs 2040 to 2049, inclusive, and the acts amendatory thereto. It may be optional with the applicant to take either, but not both, of such exemptions.

"Section 5.

"§ 5916. (5214). Paragraph 1. Short homestead may be waived. The debtor shall have authority to waive or renounce in writing his right to the benefit of the exemption provided for in section four, except as is excepted in section three of this article."

The following is the statutory provision relating to the same subject, now a part of the Georgia Code of 1895:

"§ 2863. (2039a). Debtor may waive exemption. Any debtor may, except as to wearing apparel and three hundred dollars worth of household and kitchen furniture, and provisions, waive or renounce his right to the benefit of the exemption provided for by the Constitution and laws of this state, by a waiver, either general or specific, in writing, simply stating that he does so waive or renounce such right, which waiver may be stated in the contract of indebtedness, or contemporaneously therewith or subsequently thereto in a separate paper."